**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WESTFIELD NATIONAL INSURANCE COMPANY, ) ) *Plaintiff*, ) ) -vs- ) ) CORE HOMES, LLC and BRYAN FOTOS, ) ) *Defendants*. ) | Court No. 24 CV 11129 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Westfield National Insurance Company ("Westfield"), by and through its attorneys, Christopher J. Pickett and David S. Osborne of Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against Defendants Core Homes, LLC and Bryan Fotos, alleges as follows:

### INTRODUCTION

1. In this declaratory judgment action, Westfield seeks a declaration that it owes no duty to defend or indemnify Core Homes, LLC ("Core") in a construction defect suit filed against it by Bryan Fotos ("Fotos"), in the Circuit Court of the Thirteenth Judicial Circuit, Grundy County, Illinois, case no. 2024 LA 44 ("the underlying suit").

### THE PARTIES

2. Westfield is an insurance company incorporated under the laws of the State of Ohio with its principal place of business located in Westfield Center, Ohio, which issued a policy of liability insurance to Core and certain of its affiliates as the named insureds.

3. Core is a limited liability company organized under Illinois law, whose members are Amy Capista and John Major, both of whom are residents and citizens of the State of Illinois.

4. Fotos is a resident and citizen of the State of Illinois. Although no relief is sought against Fotos herein, Westfield adds him as a Defendant to bind him to the judgment, to the extent that he may have an interest in the subject matter of this action.

## JURISDICTION AND VENUE

5. No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so diversity of citizenship exists.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to preclude coverage for defense fees and expenses, and to ultimately preclude coverage for any liability assessed against Core in the underlying suit, exceeding $75,000 in value, exclusive of interest and costs.

7. This Court therefore has original jurisdiction of this matter pursuant to the diversity jurisdiction granted to it under 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois, Eastern Division, including the underlying suit, and the defendants reside in the Northern District of Illinois.

9. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## THE UNDERLYING CLAIM

10. Core constructed and sold a new residential home located in Grundy County, Illinois to Fotos in January of 2022.

11. No later than January of 2023, Fotos began to make claims against Core concerning

defects in the construction of his home, and demanded that Core resolve the problems.

12. In a letter dated April 28, 2023, attorney John Schrock wrote to Core "as the attorney for Bryan Fotos with respect to his claims against Core Homes, LLC with respect to the Home Warranty claims and final walkthrough items that Mr. Fotos raised in his January 20, 2023, email to Core Homes."

13. On or prior to April 28, 2023, Core retained attorney Paul Richards to represent it with respect to the claims raised by Fotos.

14. On April 28, 2023, Richards wrote to Schrock concerning his letter from earlier that day, stating, in part: "Core has been diligently working with Mr. Fotos to get the testing completed and determine what steps are needed. Frankly, your letter makes it sound as if Core has been unresponsive or unwilling to address the issue. This could not be further from the truth."

15. On August 30, 2023, attorney Ian Hoffenberg wrote to Richards stating that he had been retained by Fotos regarding his claims against Core, discussing the construction defects and Core's previous ineffective attempts to remediate them, and asking that Richards "contact our office within the next fourteen (14) days to confirm you are willing to resolve this matter in order that litigation may be avoided."

16. Later on August 30, 2023, Richards wrote back to Hoffenberg, stating, in part: "The items listed in your letter are nothing new, as Core has replied to these claims several times." Richards then listed the work that Core had performed on Fotos' home in response to his claims.

17. On September 19, 2023, Hoffenberg wrote to Richards, stating, in part: "Unfortunately, many of my client's concerns are not being addressed, and so this will likely be his last correspondence, and he is also unfortunately contemplating suit."

18. On October 9, 2023, Hoffenberg wrote to Richards, stating, in part: "My client is

3

getting very frustrated and feels like your client is not being upfront about these matters. If your client does not show up on those dates, finish all items, or are not available those days, unfortunately my client is going to have to consider moving this file towards litigation."

19. On December 12, 2023, Hoffenberg again wrote to Richards, describing a number of claims by Fotos which remained unresolved by Core, concluding that this would be Fotos' "last correspondence and a suit will be filed if all issues are not resolved."

20. On April 4, 2024, attorney Jack Kozar wrote to Core, stating that he now represented Fotos with respect to his claims against Core arising out of the construction of the home, the defects found therein, and efforts at remediation. Therein, Kozar wrote that "[t]he ongoing presence of mold constitutes a severe health risk to my client and his family, including his young daughter, who has suffered multiple illnesses as a result of the mold," and that "[i]n addition to the breach of the original contract for the failure to properly perform Core Homes' construction obligations, there have been many other breaches of Core Homes' obligations under the warranty provided to my client following their purchase."

## THE UNDERLYING SUIT

21. Fotos filed suit against Core on August 2, 2024 in the Circuit Court of the Thirteenth Judicial Circuit, Grundy County, Illinois, case no. 2024 LA 44, alleging that Core constructed and sold a home to him in January of 2022. A true and correct copy of the complaint in the underlying *Fotos* suit is attached hereto as Exhibit 1.

22. Fotos alleges in his complaint that immediately upon taking possession of the home, he discovered a number of defects in its construction and notified Core pursuant to a warranty agreement, but that Core failed to remedy the problems, forcing Fotos to hire third parties to perform the necessary work at his own expense (Ex. 1 at pars. 6-27, 33-45).

23. Fotos alleges in his complaint that in April of 2023, he discovered mold in the home and notified Core, which attempted remediation, without success (Ex. 1 at pars. 21-24).

24. Fotos alleges in his complaint "[t]hat the continued mold issues have caused significant health problems for Plaintiff and Plaintiff's family and will continue to do so until fully remediated." (Ex. 1 at par. 26).

25. Fotos itemizes in his complaint the payments that he has made to third parties to correct the construction defects and remediate the mold as a result of Core's breach of contract and breach of warranty, totaling $166,008.26 (Ex. 1 at pars. 35-46).

26. Fotos sets forth a single cause of action in his complaint for Breach of Contract and Warranty (Ex. 1 at pars. 28-46).

27. In the Prayer for Relief in his complaint, Fotos demands judgment in the amount of $166,008.26, plus court costs and any other relief the Court finds equitable and just (Ex. 1 at p. 5).

**FIRST NOTICE TO WESTFIELD**

28. On August 21, 2024, Core gave its first notice to Westfield of the underlying *Fotos* suit and the claims from which it arose, requesting that Westfield defend it in the underlying suit.

29. Prior to August 21, 2024, Westfield had no notice from any source of the claims made by Fotos against Core, nor the circumstances which gave rise to the claim, nor the threats of suit made by his attorneys, nor the suit itself.

**THE WESTFIELD POLICY**

30. Core bears the burden of pleading and proving that it is entitled to coverage under the Westfield policy, but has not asserted which provisions of the Westfield policy it believes apply to the underlying suit.

31. Westfield issued a policy of insurance to Core (and certain corporate affiliates

5

which are not at issue here) as the named insured, policy number TRA 4583235, effective on an occurrence basis for a policy period of June 1, 2021 to June 1, 2022, and renewed on an annual basis through June 1, 2025. A true and correct certified copy of the 2021-2022 Westfield policy is attached hereto as Exhibit 2. A true and correct certified copy of the 2022-2023 Westfield policy is attached hereto as Exhibit 3. A true and correct certified copy of the 2023-2024 Westfield policy is attached hereto as Exhibit 4. A true and correct certified copy of the 2024-2025 Westfield policy is attached hereto as Exhibit 5.

32. The Westfield policies are each intended to be interpreted as a whole, but for the convenience of the Court and counsel, based upon the nature of the claim, Westfield sets forth certain potentially pertinent provisions from the policies' Commercial General Liability coverage, identical in all material respects in each policy, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
>     **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. \*\*\*
>
>     \* \* \* \* \*
>
>     **b.**    This insurance applies to "bodily injury" and "property damage" only if:
>
>         **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>         **(2)**    The "bodily injury" or "property damage" occurs during the policy period; \*\*\*

\* \* \* \* \*

2. **Exclusions**

    This insurance does not apply to:

    \* \* \* \* \*

    b. **Contractual Liability**

        "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.\*\*\*

        \* \* \* \* \*

    j. **Damage to Property**

        "Property damage" to:

        \* \* \* \* \*

        **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

        **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

        \* \* \* \* \*

    k. **Damage To Your Product**

        "Property damage" to "your product" arising out of it or any part of it.

    l. **Damage To Your Work**

        "Property damage" to "your work" arising out of it and included in the "products-completed operations hazard."

        This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

7

This exclusion only applies to that particular part of "your work" out of which the damage arises.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or
**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \* \* \*

**SECTION IV – CONDITIONS**

\* \* \* \* \*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place; and
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

8

      **c.**      You and any other involved insured must:

            **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"
            **(2)**    Authorize us to obtain records and other information;
            **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
            **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

      **d.**      No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**SECTION V – DEFINITIONS**

\* \* \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    **b.** You have failed to fulfill the terms of a contact or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \*

16. "Products-completed operations hazard":

9

    **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or
    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        **(a)** When all of the work called for in your contract has been completed.
        **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
        **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or
    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products - completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. \*\*\*

\* \* \* \* \*

**21.** "Your product":

 **a.** Means:

  **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **(a)** You;
   **(b)** Others trading under your name; or
   **(c)** A person or organization whose business or assets you have acquired; and

  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

 **b.** Includes:

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and

  **(2)** The providing of or failure to provide warnings or instructions.

 **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work"

 **a.** Means

  **(1)** Work or operations performed by you or on your behalf; and
  **(2)** Materials, parts or equipment furnished in connection with such work or operations.

 **b.** Includes:

  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and
  **(2)** The providing of or failure to provide warnings or instructions.

* * * * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

11

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to **Paragraph 2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:

**2.      Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

**a.**      "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.**      Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \* \* \*

**C.**      The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \* \* \*

33.      There may be other relevant policy provisions upon which Westfield can assert that it does not owe a duty to defend or indemnify Core with respect to the underlying suit, and Westfield reserves the right to plead them in the future, after considering any responsive pleading by Core, any new facts or circumstances, or as otherwise as permitted by the Court, and intends to waive nothing by setting forth the limited policy language selections above.

## COUNT I

### DECLARATORY JUDGMENT RE:
### NO DUTY TO DEFEND CORE IN THE UNDERLYING SUIT

34. Westfield restates and incorporates the allegations of paragraphs 1 through 33, above, as if set forth fully herein.

35. Westfield has no duty to defend Core in the underlying *Fotos* suit, for one or more of the following reasons, or any combination thereof, pleading hypothetically or in the alternative:

   a. Core failed to provide notice to Westfield of any of the alleged "occurrences" which gave rise to the claims made by Fotos, nor the names and addresses of any injured persons and witnesses; nor the nature and location of any injury or damage arising out of the "occurrences," in violation of the Westfield policies' notice condition at Section IV.2.a., which is a prerequisite to coverage.

   b. Once Fotos made a claim against Core, Core failed to provide notice to Westfield of the claim as soon as practical, in violation of the Westfield policies' notice condition at Section IV.2.b., which is a prerequisite to coverage.

   c. Core failed to timely send to Westfield copies of demands received in connection with the claim made by Fotos, in violation of the Westfield policies' notice condition at Section IV.2.c., which is a prerequisite to coverage.

   d. Core incurred and voluntarily paid expenses for legal fees, costs and claimed damages with respect to the claim made by Fotos prior to giving notice to Westfield, in violation of the Westfield policies' voluntary payments condition at Section IV.2.d.

   e. The underlying suit does not make any claim for "Property Damage," as that term is defined under the Westfield policies, but rather only economic loss necessitated by the repair and replacement of Core's own product and Core's alleged breach of contract.

   f. The underlying suit does not make any claim for "Bodily Injury," as that term is defined under the Westfield policies, but rather only economic loss necessitated by the repair and replacement of Core's own product and Core's alleged breach of contract.

   g. The Westfield policies' exclusion for Contractual Liability, Exclusion **b.**, negates any "Property Damage" coverage that might otherwise exist.

    h.   The Westfield policies' exclusions for Damage to Property, Exclusions **j.(5)** and **j.(6)**, negate any "Property Damage" coverage that might otherwise exist.

    i.   The Westfield policies' exclusion for Damage to Your Product, Exclusion **k.**, negates any "Property Damage" coverage that might otherwise exist.

    j.   The Westfield policies' exclusion for Damage to Your Work, Exclusion **l.**, negates any "Property Damage" coverage that might otherwise exist.

    k.   The Westfield policies' exclusion for damage to Impaired Property, Exclusion **m.**, negates any "Property Damage" coverage that might otherwise exist.

    l.   The Westfield policies' Fungi or Bacteria endorsement excludes any "Bodily Injury" or "Property Damage" coverage attributable to mold that might otherwise exist.

    m.   There may be other bases upon which Westfield can properly deny coverage to Core, and Westfield reserves the right to plead them in the future.

36.    For one or more of the foregoing reasons, Westfield has no duty to defend Core in the underlying suit.

37.    Given that a declaration regarding any duty to indemnify Core would be premature during the pendency of the underlying suit, Westfield does not seek a declaration concerning that issue at this time, and reserves all rights to raise any applicable defenses to or limitations upon any duty to indemnify at the appropriate time.

WHEREFORE, the Plaintiff, Westfield National Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend the Defendant Core Homes LLC, with respect to the underlying suit captioned *Fotos v. Core Homes LLC*, case no. 2024 LA 44, filed in the Circuit Court of the Thirteenth Judicial Circuit, Grundy County, Illinois, and for such other and further relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

WESTFIELD NATIONAL INSURANCE COMPANY

By: /s David S. Osborne (ARDC#6237821)

Christopher J. Pickett (ARDC # 6287096)
cpickett@lpplawfirm.com
312-596-7779
David S. Osborne (ARDC#6237821)
dosborne@lpplawfirm.com
312-800-6025
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison St., Suite 3850
Chicago, Illinois 60606
*Attorneys for Plaintiff*
*Westfield National Insurance Company*